**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **GREATER HOUSTON** | § |
| **NEUROSURGERY CENTER, PA** | § |
| **Plaintiff,** | § |
| | § |
| **vs.** | § |
| | § |
| **CIGNAHEALTH AND LIFE** | § |
| **INSURANCE COMPANY,** | § |
| **Defendant.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now GREATER HOUSTON NEUROSURGERY CENTER, PA (hereinafter referred to as "GHNC" and/or "Plaintiff") and files this Original Complaint and complains of CIGNA (hereinafter referred to as "Cigna" and/or "Defendant) and for cause of action and in support thereof would show as follows:

## I.

## PARTIES

1.      Plaintiff, GREATER HOUSTON NEUROSURGERY CENTER, PA is a Texas professional association who conducts business in Montgomery County, Texas.

2.      Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY is a foreign corporation who has registered with the Texas Department of Insurance and is thus qualified to transact business in Texas and is doing and/or has done business in Montgomery County, Texas. Defendant may be served with notice by serving its attorney for service in the State of Texas CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 and/or 350 North St. Paul Street, Dallas, Texas 75201.

## II.

## JURISDICTION

3.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §1331 (federal question) and the specific jurisdiction statute for claims of this type, 29 U.S.C. §1132(e).     Further, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claims herein occurred.

## III.

## FACTS

4.     GHNC is a Texas professional association which provides neurosurgery services and treatment to patients throughout the greater Houston metropolitan region via its office and emergency medical on-call agreements with several hospitals.   In particular, GHNC furnishes emergency neurosurgery services and treatments to patients admitted to the emergency room and main hospital at St. Luke's The Woodlands Hospital ("St. Luke's").   The physicians employed by GHNC maintain privileges at St. Luke's in order to provide emergency services should the need arise and if requested by St Luke's during the course and scope of the GHNC on-call agreement with St. Luke's.   On or about October 29, 2015 patient P.M. presented to the St. Luke's emergency room.   Upon evaluations and stabilization by the emergency room staff, P.M. was admitted to the hospital and GHNC was called to examine and evaluate P.M.'s condition.

5.     On or about November 2, 2015, it was determined by GHNC that P.M. would benefit from a 2-staged procedure including an anterior interbody fusion and a separate posterior approach. Thereafter, Dr. Dare Adewumi of GHNC performed the first stage of the procedure which was of a higher risk due to the co-morbidities, including severe obesity, diabetes and hypertension.   P.M. remained hospitalized at St. Luke's with GHNC providing all neurological treatment, services and evaluations.   Thereafter, on November 4, 2015 the second stage of the

procedure was performed by Dr. Adewumi, with Dr. Peter Shedden providing surgical assistant services.

6.      P.M. executed an "assignment of benefits" or similar document assigning to GHNC the right to bill the Cigna (P.M.'s insurance carrier, the Defendant herein), for the goods and services provided by GHNC.    The assignment of benefits conveys to GHNC the insureds right to the benefits under the insureds insurance policy to be paid and/or reimbursed for the goods and services provided by GHNC.    Therefore, GHNC is a beneficiary entitled to recover benefits under P.M.'s applicable healthcare plans.

7.      GHNC properly submitted clean claims to Cigna for the services performed by Dr. Adewumi on November 2 and 4, 2015, respectively, and Dr. Shedden on November 4, 2015. While a portion of those claims has been paid, Cigna failed and refused to reimburse GHNC at the reasonable and customary rate as required by law and the terms of the applicable healthcare plan. Further, Cigna failed and refused to provide the correct late payment penalty and interest pursuant to Texas Prompt Pay laws.    There is currently due and owing to GHNC from Cigna the amount of at least $247,332.79 as of August 1, 2017, for services rendered.

8.      Cigna agreed and/or is obligated to reimburse GHNC for the goods and services provided to P.M.    Nevertheless, Cigna failed and refused to properly reimburse GHNC for the neurosurgical services provided to P.M.    GHNC contends that its services as provided to P.M. were properly authorized and are medically necessary, thus covered and payable under the applicable healthcare plan.

9.      GHNC fully satisfied Cigna's requirements for payment of these amounts, and has performed all conditions precedent to the bringing of this action and its rights to recover damages have been satisfied. Further, Plaintiff exhausted all administrative remedies provided by Cigna.

Cigna's refusal to make proper payment of claims to GHNC is in violation of the healthcare plan of P.M. under which the benefits have been assigned by P.M. to GHNC.   Cigna's continued refusal to make proper payment to GHNC for the valid claims which have been submitted is a breach of its fiduciary duty and abuse of discretion by the plan administrator.

10.     Cigna failed and reused to provide proper reimbursement to GHNC for the neurological goods and services requested and received by P.M.   Cigna has taken a position based on its internal procedures – independent from any policy or plan provision – that GHNC is not entitled to the usual and customary payment for the medical goods and services provided to P.M. The actions by Cigna in denying and refusing proper payment are an abuse of discretion, in breach of the Plan provisions and in breach of Federal and State law rules and regulations.

11.     Despite the fact that Defendant received premium payments on behalf of P.M. and is obligated to GHNC to reimburse it for medically necessary products and services provided to P.M., Defendant failed and refused to properly pay the claims for the medically necessary medical goods and services provided by GHNC to P.M.   As a result of Defendant's failure and refusal to make proper payment for the medically necessary claims and expenses of P.M. incurred by GHNC on November 2, 2015 and November 4, 2015, Plaintiff has been damaged in the amount of at least $247,332.79, as of August 1, 2017, for medical goods and services rendered.

## IV.

## BREACH OF CONTRACT

12.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13.     Defendant contracted with and/or is obligated to GHNC to reimburse GHNC for services rendered to P.M. on November 2, 2015 and November 4, 2015.   Furthermore, P.M.'s plan with Cigna provided that medically necessary services would be covered by Cigna.   P.M.

has executed an "assignment of benefits" or similar document assigning to GHNC the right to bill the Cigna, the Defendant herein, for the goods and services provided by GHNC.    The assignment of benefits conveys to GHNC the insureds right to the benefits under the insureds insurance policy to be paid and/or reimbursed for the goods and services provided by GHNC. Defendant has breached these obligations by failing to timely and properly pay the claims as submitted.   As a result, Defendant proximately caused Plaintiff damages in the amount of at least $247,332.79, as of August 1, 2017, for services rendered.

**V.**

**SUIT ON SWORN ACCOUNT**

14.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15.     Defendant contracted with and/or is obligated to GHNC for goods and services rendered to P.M.    The medical services provided to P.M. were medically necessary and the prices charged by GHNC to Cigna were just and true, and usual, customary, and reasonable prices for the same or similar medical services in Montgomery County, Texas.

16.     Attached hereto as Exhibits 1, 2 and 3 is a systematic record of all transactions for which Defendant is liable, including all lawful offsets, payments, and credits on the accounts.

17.     Attached Exhibits 1, 2 and 3 represents records of the transactions that are substantially the same and/or similar to records Plaintiff systematically keeps in the ordinary course of business.

18.     As of the date of this Complaint, the amount remains unpaid. The damages sought are liquidated, and this claim has been filed under oath.

## VI.

## WRONGFUL DENIAL OF ERISA BENEFITS

19.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20.     Defendant contracted with and/or is obligated to GHNC to reimburse GHNC for goods and services rendered to P.M.   Furthermore, the terms of the P.M.'s healthcare plan with Cigna provided that authorized, medically necessary goods and services would be covered by Cigna.   P.M. has executed an "assignment of benefits" or similar document assigning to GHNC the right to bill Cigna, the Defendant herein, for the neuro-surgical services provided by GHNC. The assignment of benefits conveys to GHNC the P.M.'s right to the benefits under the insureds insurance policy to be paid and/or reimbursed for the products and services provided by GHNC.

21.     Under ERISA, 29 U.S.C. 1132(a)(1)(B), and the principles of federal common law developed thereunder, Defendant is obligated to fulfill its contractual promises with respect to benefits.

22.     Defendant has wrongfully failed and refused to pay benefits due and owing to Plaintiff. By failing and refusing to provide the promised benefits to which Plaintiff is now entitled, Defendant is in violation of the provisions of ERISA and the federal common law arising from ERISA's preemption of state law regulation of pension and welfare benefits. Accordingly, the failure and refusal to pay benefits is an abuse of discretion and violates Defendant's fiduciary duties to Plaintiff as a beneficiary and was otherwise wrongful.

23.     As a result of Defendant's breach, Plaintiff suffered and continues to suffer, serious damages and irreparable injuries, including but not limited to the loss and denial of benefits. Plaintiff seeks reimbursement and compensation for any and all benefits they would have received as a result of Defendant's failure to pay benefits in the amount of at least $247,332.79, as

of August 1, 2017, for medical goods and services rendered.

## VII.

### ABUSE OF DISCRETION BY PLAN ADMINISTRATOR

24.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

25.     Defendant has arbitrarily and capriciously breached the obligations to Plaintiff by refusing to pay amounts due and owing to Plaintiff.   Defendant was required to pay the benefits set forth in P.M.'s healthcare plans that were assigned to Plaintiff.   Defendant has arbitrarily and capriciously breached its obligations under the ERISA policy by failing to provide Plaintiff benefits and/or payments. Accordingly, the failure and refusal to pay benefits is an abuse of discretion, violates Defendant's fiduciary duties to Plaintiff as a beneficiary and was otherwise wrongful.

26.     As a direct and proximate result of the aforementioned conduct of Defendant in failing to provide coverage and pay benefits to Plaintiff, Plaintiff has been damaged in an amount of at least $247,332.79, as of August 1, 2017, for services rendered.

## VIII.

### BREACH OF FIDUCIARY DUTY

27.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28.     Under ERISA, 29 U.S.C.A. §1002(21)(A) and the principles of federal common law developed thereunder, Defendant is a fiduciary in that Defendant exercised discretionary authority and discretionary responsibility in the administration of the healthcare plans.

29.     Under 29 U.S.C. §1104(a), Defendant owed Plaintiff a fiduciary duty to act solely in the interest of the plans' beneficiaries, and for the exclusive purpose of providing benefits to

participants and their beneficiaries with the care, skill, prudence and diligence of a prudent person in like circumstances.

30.     Defendant breached its fiduciary duty to Plaintiff by failing to discharge its duties solely in the interest of its plan beneficiaries, and for the exclusive purpose of providing benefits to beneficiaries; by failing to use the care, skill, prudence and diligence of a prudent person under the prevailing circumstances; and by failing to act in accordance with their obligations under ERISA and the controlling federal law thereunder.

31.     Defendant's failure to act solely in the interest of plan beneficiaries constitutes a breach of Defendant's fiduciary duties under ERISA and federal common law arising from ERISA. Defendant's conduct in attempting to avoid providing to Plaintiff the benefits to which it is entitled was willful, wanton, malicious and with complete indifference to the rights of Plaintiff.

32.     As a result of Defendant's breach of fiduciary duty, Plaintiff has suffered and continues to suffer, serious damages and irreparable injuries, including but not limited to the loss and denial of benefits in an amount of at least $247,332.79, as of August 1, 2017, for services rendered.

## IX.

## UNJUST ENRICHMENT

33.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

34.     That pleading furthermore, and in the alternative, if the same be necessary and without waiving any of the foregoing, the Plaintiff alleges that the Defendant has an equitable obligation to pay GHNC for the treatment of P.M.   P.M. has paid Cigna a premium for payment of covered benefits, and Cigna has refused to pay for covered benefits to P.M.   GHNC bestowed a direct benefit upon Cigna by providing medical services necessary to fulfill Cigna's

contractual obligations to P.M.   Cigna, by accepting GHNC's treatment of P.M.'s medical condition, wrongly received benefits without paying or fully paying for them.   As such, GHNC is entitled to recover its damages.

35.    Cigna received the benefit of the medical goods, wares, labor, services and materials from GHNC as described herein.   Defendant has failed and refused to pay for these goods and services, all of which is to the unjust enrichment of the Defendant and to the detriment of the Plaintiff, and that the Defendant is obligated to pay for these goods, wares and merchandise, labor, services and materials, as unjust enrichment or *quantum meriut* to the damage of the Plaintiff in the amount of least $247,332.79, as of August 1, 2017.

## X.

### VIOLATIONS OF THE TEXAS PROMPT PAY STATUTE AND TEXAS INSURANCE LAWS

36.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

37.    State statutes require insurers to promptly pay the clean claims of physicians and other health-care providers.   GHNC seeks damages and enforcement for prompt payment for medical services rendered to P.M.   Cigna has intentionally denied or delayed payments of GHNC clean claims for medical services provided to P.M.   As such, GHNC is entitled to receive damages, attorney's fees, and statutory penalties.   GHNC rendered neurological treatment in good faith to P.M., and timely submitted clean claims to Cigna and/or its agent.   Cigna subsequently partially or fully failed to pay these same clean claims without good cause.

38.    Without just and reasonable grounds for failing to pay claims to GHNC, by virtue of its actions and claims handling, Cigna has, in bad faith, violated the Texas Insurance Code

provisions applicable to prompt payment of health-care claims.   GHNC is entitled to actual damages, statutory penalties and attorney's fees for Cigna's failure to promptly pay these claims for which they now sue.

39.     Additionally, Cigna has engaged in acts or practices that violate provisions of Chapter 541 of the Texas Insurance Code.   Specifically, Cigna misrepresented P.M.'s insurance coverage and benefits which caused GHNC actual damages.   As a result of Cigna's breach of its obligations owed to Plaintiff, GHNC has been damaged in the amount of at least $247,332.79 for medical services and treatment rendered to P.M.   GHNC seeks judgment for the above amounts.

## XI.

## ATTORNEY'S FEES

40.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

41.     29 U.S.C.  §1132(g)(1) authorizes this Court to award reasonable attorney's fees and costs of action to either party in an ERISA action.

42.     As a result of Defendant's acts or omissions, Plaintiff has retained the services of legal counsel and has necessarily incurred attorney's fees and costs in bringing and pursuing this action.   Further, Plaintiff anticipates incurring additional attorney's fees and costs in pursuing this action, the total amount of which is currently unknown.   Plaintiff therefore requests and award of reasonable attorney's fees and costs, with a conditional award in the event of an appeal.

## XII.

## JURY DEMAND

43.     Plaintiff demands a jury and has previously tendered the appropriate fee.

## XIII.

## **CONDITIONS PRECEDENT**

44.     All conditions precedent to suit have been performed and/or waived.

## XIV.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Greater Houston Neurosurgery Center, PA respectfully requests that the Court enter judgment against the Defendant for the following:

1.     Grant judgment against Defendants in favor of Plaintiff with regard to its claims for breach of contract, wrongful denial of ERISA benefits, abuse of discretion by plan administrator, breach of fiduciary duty, suit on sworn account and unjust enrichment to include, but not limited to, all benefits ($247,332.79), and other equitable relief to which it may show itself entitled under ERISA;

2.     Pre-judgment interest as provided by law;

3.     Attorney's fees with conditional awards in the event of appeal;

4.     Post judgment interest as provided by law;

5.     Costs of suit; and

6.     Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**HENDERSHOT, CANNON, MARTIN & HISEY P.C.**


/s/ Simon W. (Trey) Hendershot, III
SIMON W. HENDERSHOT, III
SBN:   09417200
SDBN:   8792
trey@hcmhlaw.com
KATIE L. COWART
SBN: 24048268
SDBN: 608984
kcowart@hcmhlaw.com
RAYMOND L. PANNETON
SBN:24082079
SDBN: 2637033
rpanneton@hcmhlaw.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809

**ATTORNEYS  FOR  PLAINTIFF,  GREATER HOUSTON NEUROSURGERY CENTER, PA**


S:\Shedden GHNC\Cigna\Makdisi\Pleadings\8.8.17.DraftOriginalComplaint.ver2.docx

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GREATER HOUSTON** | § |
| **NEUROSURGERY CENTER, PA** | § |
|     **Plaintiff,** | § |
| | § |
| **vs.** | § |
| | § |
| **CIGNAHEALTH AND LIFE** | § |
| **INSURANCE COMPANY,** | § |
|     **Defendant.** | |

---

## AFFIDAVIT OF TINA ELIZABETH ASHLEY

---

| | |
|---|---|
| State of TEXAS | § |
| County of MONTGOMERY | § |

Before me, the undersigned notary, on this day personally appeared Tina Elizabeth Ashley, the affiant, whose identity is known to me.  After I administered an oath, the affiant testified:

"My name is Tina Elizabeth Ashley.  I am over 18 years of age, of sound mind, and capable of making this affidavit.

"The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I serve as Billing Manager for Greater Houston Neurosurgery Center, PA.

"I acquired personal knowledge of these facts in serving as the Billing Manager for Greater Houston Neurosurgery Center, PA,

"I have read Plaintiff's Original Complaint.  The facts stated therein are within my personal knowledge and are true and correct.

"Plaintiff in this case is Greater Houston Neurosurgery Center, PA.

"Defendant in this case is Cigna Health and Life Insurance Company.

"This action is based on medical services provided, of which a systematic record was kept in the normal course of business.

"The principal balance of $247,332.79 is due on the account, an accounting of which is attached to the petition as **Exhibit 1, Exhibit 2, and Exhibit 3** and incorporated by reference, which is a true and correct copy of the systematic records kept within the normal course of business.

"The amounts due in **Exhibit 1, Exhibit 2, and Exhibit 3** are just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed."

   I declare that, to the best of my knowledge and belief, the information contained herein is true, correct, and complete.

_____
Signature of Affiant

SWORN TO AND SUBSCRIBED BEFORE ME, this, the ___15th___ day of __August__, 2017

SUSAN DAVIS
Notary Public
STATE OF TEXAS
My Comm. Exp. February 18, 2019

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My commission expires 2/18/19

# EXHIBIT 1

# The Greater Houston Neurosurgery Center
**9200 New Trails Drive Suite 100 The Woodlands TX 773815257**
**Tel: (281) 364-9509 Fax: (281) 364-0984**

**ACCOUNT INQUIRY**

08/09/2017 8:5

### Account# 76630

Guarantor Information:

P        M

Home Tel#:
Work Tel#:

Patient Information:
Patient# 76630

P        M

Home Tel#:
Work Tel#:

| Service Date | Voucher# | Provider | Chg Amt | Pmts/Adjs | Balance | Payor | Coverage Type | Billed Date | Age | Patient |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/02/2015 | 204130 | ADEWUMI | $165,046.00 | $99,840.00 | $65,206.00 | TDI | Medical | | 0 | Philip Makdisi |

| Location | Department | Place Of Svc | Refer. Dr. | Batch# | Voucher Status | Date Updated | Responsible Party | Co-Ins Amt | Co-Ins Paid | Void Batch# | Date Voided | Voided By |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IP STL | ANeuroSX | IP STL | NJUKFRE | 11-09-2015 HOSP | Updated | 11/23/2015 | P     M | $0.00 | $0.00 | | | |

| Claim# | Bill Media | Billing Prov | Local Use Text | Orig Voucher# | Orig Payor | Orig Bill Date | Orig Media |
|---|---|---|---|---|---|---|---|
| 204130 | | ADEWUMI | | 204130 | CIGNA | 11/23/2015 | Electronic |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/02/2015 | 22556 | 22 | Arthrd Ant Min Discectomy Interbody Thor | M99.82 | Other biomechanical lesions of thoracic region | SURGICAL | 1.00 | $29,478.00 | $29,478.00 | $0 |

| Diag2 | Description | Diag3 | Description | | Diag4 | Description |
|---|---|---|---|---|---|---|
| I10 | Essential (primary) hypertension | E11.9 | Type 2 diabetes mellitus without complications | | E66.01 | Morbid (severe) obesity due to excess calories |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 738.3 | Deformity, Acquired, Chest/Rib | 401.9 | Hypertension, Essential Nos | 250.00 | Dm, Uncomplicated, Type Ii | 278.01 | Obesity, Morbid |

**Service Notes**

03-25-2016 CIGNA EOB, INTEREST PAID $699.31

06-03-16 LOCKBOX, CIGNA LETTER DATED 6/1/16, APPEAL RECEIVED ON 5/3/16,

UNDER REVIEW ALLOW 30 DAYS. CIGNA LETTER DATED 6/2/16/ REVIEW COMPLETED

APPEAL DENIED.

06-20-2016 AETNA EOB, PAID $8.88 INTEREST VOUCHER # 204130

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/02/2015 | 22558 | 59,51,22 | Arthrodesis Anterior Interbody Lumbar | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 1.00 | $27,282.00 | $27,282.00 | $0 |

| Diag2 | Description | Diag3 | Description | | Diag4 | Description |
|---|---|---|---|---|---|---|
| I10 | Essential (primary) hypertension | E11.9 | Type 2 diabetes mellitus without complications | | E66.01 | Morbid (severe) obesity due to excess calories |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

8/15/2017, 1:37 PM

| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 401.9 | Hypertension, Essential Nos | 250.00 | Dm, Uncomplicated, Type Ii | 278.01 | Obesity, Morbid |
|---|---|---|---|---|---|---|---|

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/02/2015 | 22585 | 22 | Arthrodesis Anterior Interbody Ea Addl N | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 3.00 | $18,000.00 | $16,000.00 | $2,000 |

| Diag2 | Description | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|
| I10 | Essential (primary) hypertension | E11.9 | Type 2 diabetes mellitus without complications | E66.01 | Morbid (severe) obesity due to excess calories |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 401.9 | Hypertension, Essential Nos | 250.00 | Dm, Uncomplicated, Type Ii | 278.01 | Obesity, Morbid |

| Service Notes |
|---|
| 1-31-16: CIGNA LTR DATED 12-31-15 / MRR / CLM# 8221532994580 |
| 3-30-16: $0 EOB BATCH - CIGNA LTR STATES THAT ANTERIOR INSTRUMENTATION WAS NOT MEDICALLY NECESSARY. |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/02/2015 | 32900 | 59 | Resection Ribs Extrapleural All Stages | M99.82 | Other biomechanical lesions of thoracic region | SURGICAL | 1.00 | $19,740.00 | $9,870.00 | $9,870 |

| Diag2 | Description | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|
| M43.10 | Spondylolisthesis, site unspecified | M53.9 | Dorsopathy, unspecified | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descripti |
|---|---|---|---|---|---|---|---|
| 738.3 | Deformity, Acquired, Chest/Rib | 738.4 | Spondylolisthesis, Acquired | 724.9 | Disorder, Back Nos | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/02/2015 | 22845 | | Anterior Instrumentation 2-3 Vertebral S | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 1.00 | $13,152.00 | $0.00 | $13,152 |

| Diag2 | Description | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|
| M99.82 | Other biomechanical lesions of thoracic region | | | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descripti |
|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 738.3 | Deformity, Acquired, Chest/Rib | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/02/2015 | 22851 | | Application Intervertebral Biomechanical | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 5.00 | $54,675.00 | $17,210.00 | $37,465 |

| Diag2 | Description | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|
| M99.82 | Other biomechanical lesions of thoracic region | | | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descripti |
|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 738.3 | Deformity, Acquired, Chest/Rib | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/02/2015 | 20936 | | Autograft Spine Surgery Local From Same | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 1.00 | $1,719.00 | $0.00 | $1,719 |

| Diag2 | Description | | | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|---|---|
| M99.82 | Other biomechanical lesions of thoracic region | | | | | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descripti |
|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 738.3 | Deformity, Acquired, Chest/Rib | | | | |

| Service Notes |
|---|
| 03-16-2016 CIGNA EOB, denied cpt 22558 and 22845--appeal |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/02/2015 | 20930 | | Allograft For Spine Surgery Only Morseli | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 1.00 | $1,000.00 | $0.00 | $1,000 |

| Diag2 | Description | | | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|---|---|
| M99.82 | Other biomechanical lesions of thoracic region | | | | | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descripti |
|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 738.3 | Deformity, Acquired, Chest/Rib | | | | |

| Payment Date | Reference | Coverage Type | Insurance | Transaction | Pmt Amt | Transfer To | Trsf Amt | Batch# | Status | Date Updated | Void Batch# | Date Voided | Voi By |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/31/2016 | CIGNA LTR | Medical | CIGNA | Cigna Payment | $0.00 | | | 01-31-2016 adj 10 | Updated | 02/12/2016 | | | |
| 03/16/2016 | EFT# 160312090032327 | Medical | CIGNA | Cigna Payment | $70,637.00 | | | 03-16-2016 CIGNA | Updated | 03/29/2016 | | | |
| 03/30/2016 | CIGNA LTR | Medical | CIGNA | Cigna Payment | $0.00 | | | 03-30-2016 $0 EOB | Updated | 04/07/2016 | | | |
| 03/25/2016 | Interest paid voucher 204130 | Medical | CIGNA | Cigna Payment | $699.31 | | | 03-25-2016 CIGNA | Updated | 04/06/2016 | | | |
| 03/25/2016 | Interest paid voucher 204130 | Medical | CIGNA | Cigna Adjustment | ($699.31) | | | 03-25-2016 CIGNA | Updated | 04/06/2016 | | | |
| 03/25/2016 | Interest paid voucher 204130 | Medical | CIGNA | Cigna Transfer | | Self-Pay | $94,409.00 | 03-25-2016 CIGNA | Updated | 04/06/2016 | | | |
| 03/25/2016 | Interest paid voucher 204130 | | Self-Pay | Rebilled Claim | | | | 03-25-2016 CIGNA | Updated | 04/06/2016 | | | |
| 03/25/2016 | TRANS TO Cigna | | Self-Pay | Self Pay Transfer | | CIGNA | $94,409.00 | 03-25-2016 CIGNA | Updated | 04/06/2016 | | | |
| 03/25/2016 | TRANS TO Cigna | Medical | CIGNA | Rebilled Claim | | | | 03-25-2016 CIGNA | Updated | 04/06/2016 | | | |
| 06/03/2016 | CIGNA LETTERS DATED JUNE 1 AND JUNE 2, 2016 | Medical | CIGNA | Cigna Payment | $0.00 | | | 06-03-2016 LOCKBOX | Updated | 06/16/2016 | | | |
| 06/20/2016 | EFT# 160616090035193 | Medical | CIGNA | Cigna Payment | $1,921.00 | | | 06-20-2016 CIGNA 1 | Updated | 07/07/2016 | | | |
| 06/20/2016 | EFT# 160616090035193 | Medical | CIGNA | Cigna Transfer | | Self-Pay | $92,488.00 | 06-20-2016 CIGNA 1 | Updated | 07/07/2016 | | | |
| 06/20/2016 | EFT# 160616090035193 | | Self-Pay | Rebilled Claim | | | | 06-20-2016 CIGNA 1 | Updated | 07/07/2016 | | | |
| 06/20/2016 | trans to cigna | | Self-Pay | Self Pay Transfer | | CIGNA | $92,488.00 | 06-20-2016 CIGNA 3 | Updated | 07/07/2016 | | | |
| 06/20/2016 | trans to cigna | Medical | CIGNA | Rebilled Claim | | | | 06-20-2016 CIGNA 3 | Updated | 07/07/2016 | | | |
| 06/20/2016 | EFT# 160616590035192 INTEREST PAID | Medical | CIGNA | Cigna Payment | $8.88 | | | 06-20-2016 CIGNA 3 | Updated | 07/07/2016 | | | |
| 06/20/2016 | EFT# 160616590035192 INTEREST PAID | Medical | CIGNA | Cigna Adjustment | ($8.88) | | | 06-20-2016 CIGNA 3 | Updated | 07/07/2016 | | | |

| Date | Description | Type | Category | Action | | Amount | Pay Amount | Date2 | Status | Date3 |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/20/2016 | EFT# 160616590035192 INTEREST PAID | Medical | CIGNA | Cigna Transfer | Self-Pay | $92,488.00 | | 06-20-2016 CIGNA 3 | Updated | 07/07/2016 |
| 06/20/2016 | EFT# 160616590035192 INTEREST PAID | | Self-Pay | Rebilled Claim | | | | 06-20-2016 CIGNA 3 | Updated | 07/07/2016 |
| 08/29/2016 | 22558 was billed in error | | Self-Pay | Cigna Adjustment | | $27,282.00 | | 08-29-2016 ADJ | Updated | 09/07/2016 |
| 10/21/2016 | FILED TO TDI ON 04-28-16 | | Self-Pay | Self Pay Transfer | TDI | | $65,206.00 | 10-21-2016 adjust | Updated | 10/28/2016 |
| 10/21/2016 | FILED TO TDI ON 04-28-16 | Medical | TDI | Rebilled Claim | | | | 10-21-2016 adjust | Updated | 10/28/2016 |

# EXHIBIT 2

**The Greater Houston Neurosurgery Center**

9200 New Trails Drive Suite 100 The Woodlands TX 773815257
Tel: (281) 364-9509 Fax: (281) 364-0984

ACCOUNT INQUIRY

08/09/2017 8:5

**Account# 76630**

Guarantor Information:

P   M

Home Tel#:
Work Tel#:

Patient Information:
Patient# 76630

P   M

Home Tel#:
Work Tel#:

| Service Date | Voucher# | Provider | Chg Amt | Pmts/Adjs | Balance | Payor | Coverage Type | Billed Date | Age | Patient |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | 204260 | A SHEDD | $49,872.90 | $8,634.11 | $41,238.79 | TDI | Medical | | 0 | Philip Makdisi |

| Location | Department | Place Of Svc | Refer. Dr. | Batch# | Voucher Status | Date Updated | Responsible Party | Co-Ins Amt | Co-Ins Paid | Void Batch# | Date Voided | Voided By |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IP STL | ANeuroSX | IP STL | NJUKFRE | 11-09-2015 HOSP | Updated | 11/23/2015 | P   M | $0.00 | $0.00 | | | |

| Claim# | Bill Media | Billing Prov | Local Use Text | Orig Voucher# | Orig Payor | Orig Bill Date | Orig Media |
|---|---|---|---|---|---|---|---|
| 204260 | | A SHEDD | | 204260 | CIGNA | 11/23/2015 | Electronic |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | 22612 | 80,58 | Arthrodesis Posterior/Posterolateral Lum | M43.10 | Spondylolisthesis, site unspecified | SURGICAL | 1.00 | $8,481.60 | $0.00 | $8,481 |

| Diag2 | Description | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|
| I10 | Essential (primary) hypertension | E11.9 | Type 2 diabetes mellitus without complications | E66.01 | Morbid (severe) obesity due to excess calories |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 738.4 | Spondylolisthesis, Acquired | 401.9 | Hypertension, Essential Nos | 250.00 | Dm, Uncomplicated, Type Ii | 278.01 | Obesity, Morbid |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | 22614 | 80 | Arthrodesis Posterior/Posterolateral Ea | M43.10 | Spondylolisthesis, site unspecified | SURGICAL | 5.00 | $10,476.00 | $0.00 | $10,476 |

| Diag2 | Description | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|
| I10 | Essential (primary) hypertension | E11.9 | Type 2 diabetes mellitus without complications | E66.01 | Morbid (severe) obesity due to excess calories |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 738.4 | Spondylolisthesis, Acquired | 401.9 | Hypertension, Essential Nos | 250.00 | Dm, Uncomplicated, Type Ii | 278.01 | Obesity, Morbid |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | 22630 | 80,58,59 | Arthrodesis Posterior Interbody Lumbar | M53.9 | Dorsopathy, unspecified | SURGICAL | 1.00 | $8,208.00 | $0.00 | $8,208 |

| Diag2 | Description | | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|---|
| M43.10 | Spondylolisthesis, site unspecified | | | | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 724.9 | Disorder, Back Nos | 738.4 | Spondylolisthesis, Acquired | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/04/2015 | 63042 | 80,58,59,50 | Lamot Prtl Ffd Hrna8 Reexpl 1 Ntrspc Lmb | M96.1 | Postlaminectomy syndrome, not elsewhere classified | SURGICAL | 1.00 | $6,922.80 | $2,617.06 | $4,305 |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 722.83 | Syndrome, Postlaminectomy, Lumbar | | | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/04/2015 | 63044 | 80,50 | Lamot W/Prtl Ffd Hrna8 Reexpl 1 Ntrspc E | M96.1 | Postlaminectomy syndrome, not elsewhere classified | SURGICAL | 1.00 | $2,308.80 | $880.11 | $1,428 |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 722.83 | Syndrome, Postlaminectomy, Lumbar | | | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/04/2015 | 22843 | 80 | Posterior Segmental Instrumentation 7-12 | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 1.00 | $4,345.20 | $1,656.39 | $2,688 |

| Diag2 | Description | | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|---|
| M99.82 | Other biomechanical lesions of thoracic region | | | | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descripti |
|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 738.3 | Deformity, Acquired, Chest/Rib | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/04/2015 | 22851 | 80 | Application Intervertebral Biomechanical | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 1.00 | $3,280.50 | $1,250.53 | $2,029 |

| Diag2 | Description | | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|---|
| M99.82 | Other biomechanical lesions of thoracic region | | | | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descripti |
|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 738.3 | Deformity, Acquired, Chest/Rib | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/04/2015 | 63709 | 80,59 | Rpr Dural/Csf Leak/Pseudomeningocele W/L | G96.11 | Dural tear | SURGICAL | 1.00 | $5,850.00 | $2,230.02 | $3,619 |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 349.39 | Other Dural Tear | | | | | | |

| Payment Date | Reference | Coverage Type | Insurance | Transaction | Pmt Amt | Transfer To | Trsf Amt | Batch# | Status | Date Updated | Void Batch# | Date Voided | Voi By |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/24/2015 | EFT# 151222090028050 | Medical | CIGNA | Cigna Payment | $8,634.11 | | | 12-24-2015 CIGNA | Updated | 01/15/2016 | | | |
| 10/21/2016 | FILED TO TDI ON 04-28-16 | Medical | CIGNA | Cigna Transfer | | TDI | $41,238.79 | 10-21-2016 adjust | Updated | 10/28/2016 | | | |

| 10/21/2016 | FILED TO TDI ON 04-28-16 | Medical | TDI | Rebilled Claim | 10-21-2016 adjust | Updated | 10/28/2016 |

8/15/2017, 1:38 PM

# EXHIBIT 3

# The Greater Houston Neurosurgery Center

**9200 New Trails Drive Suite 100 The Woodlands TX 773815257**
**Tel: (281) 364-9509 Fax: (281) 364-0984**

**ACCOUNT INQUIRY**

08/09/2017 8:5

**Account# 76630**

Guarantor Information:

P   M

Home Tel#:
Work Tel#:

Patient Information:
Patient# 76630

P   M

Home Tel#:
Work Tel#:

| Service Date | Voucher# | Provider | Chg Amt | Pmts/Adjs | Balance | Payor | Coverage Type | Billed Date | Age | Patient |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/04/2015 | 204250 | ADEWUMI | $168,962.00 | $28,074.00 | $140,888.00 | TDI | Medical | | 0 | Philip Makdisi |

| Location | Department | Place Of Svc | Refer. Dr. | Batch# | Voucher Status | Date Updated | Responsible Party | Co-Ins Amt | Co-Ins Paid | Void Batch# | Date Voided | Voided By |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IP STL | ANeuroSX | IP STL | NJUKFRE | 11-09-2015 HOSP | Updated | 11/23/2015 | P  M | $0.00 | $0.00 | | | |

| Claim# | Bill Media | Billing Prov | Local Use Text | Orig Voucher# | Orig Payor | Orig Bill Date | Orig Media |
|---|---|---|---|---|---|---|---|
| 204250 | | ADEWUMI | | 204250 | CIGNA | 11/23/2015 | Electronic |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/04/2015 | 22612 | 58,22 | Arthrodesis Posterior/Posterolateral Lum | M43.10 | Spondylolisthesis, site unspecified | SURGICAL | 1.00 | $28,272.00 | $0.00 | $28,272 |

| Diag2 | Description | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|
| I10 | Essential (primary) hypertension | E11.9 | Type 2 diabetes mellitus without complications | E66.01 | Morbid (severe) obesity due to excess calories |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 738.4 | Spondylolisthesis, Acquired | 401.9 | Hypertension, Essential Nos | 250.00 | Dm, Uncomplicated, Type Ii | 278.01 | Obesity, Morbid |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/04/2015 | 22614 | 22 | Arthrodesis Posterior/Posterolateral Ea | M43.10 | Spondylolisthesis, site unspecified | SURGICAL | 5.00 | $34,920.00 | $0.00 | $34,920 |

| Diag2 | Description | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|
| I10 | Essential (primary) hypertension | E11.9 | Type 2 diabetes mellitus without complications | E66.01 | Morbid (severe) obesity due to excess calories |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 738.4 | Spondylolisthesis, Acquired | 401.9 | Hypertension, Essential Nos | 250.00 | Dm, Uncomplicated, Type Ii | 278.01 | Obesity, Morbid |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|
| - 11/04/2015 | 22630 | 58,59 | Arthrodesis Posterior Interbody Lumbar | M53.9 | Dorsopathy, unspecified | SURGICAL | 1.00 | $27,360.00 | $0.00 | $27,360 |

8/15/2017, 1:38 PM

| Diag2 | Description | | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|---|
| M43.10 | Spondylolisthesis, site unspecified | | | | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descriptior |
|---|---|---|---|---|---|---|---|
| 724.9 | Disorder, Back Nos | 738.4 | Spondylolisthesis, Acquired | | | | |

| Service Notes |
|---|
| 3-30-16: $0 EOB BATCH - CIGNA LTR DATED 3-14-16 / LTR STATES THAT HEMILAMI WAS DND AS NOT MEDICALLY NECESSARY. |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt C |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | 63042 | 58,59,50 | Lamot Prtl Ffd Hrna8 Reexpl 1 Ntrspc Lmb | M96.1 | Postlaminectomy syndrome, not elsewhere classified | SURGICAL | 1.00 | $23,076.00 | $9,590.00 | $13,486 |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descriptior |
|---|---|---|---|---|---|---|---|
| 722.83 | Syndrome, Postlaminectomy, Lumbar | | | | | | |

| Service Notes |
|---|
| 1-31-16: CIGNA LTR DATED 12-31-15 / MRR / CLM# 8221532994546 |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt C |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | 63044 | 50 | Lamot W/Prtl Ffd Hrna8 Reexpl 1 Ntrspc E | M96.1 | Postlaminectomy syndrome, not elsewhere classified | SURGICAL | 1.00 | $7,696.00 | $0.00 | $7,696 |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descriptior |
|---|---|---|---|---|---|---|---|
| 722.83 | Syndrome, Postlaminectomy, Lumbar | | | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt C |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | 22843 | | Posterior Segmental Instrumentation 7-12 | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 1.00 | $14,484.00 | $14,484.00 | $0 |

| Diag2 | Description | | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|---|
| M99.82 | Other biomechanical lesions of thoracic region | | | | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descriptio |
|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 738.3 | Deformity, Acquired, Chest/Rib | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt C |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | 22851 | | Application Intervertebral Biomechanical | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 1.00 | $10,935.00 | $4,000.00 | $6,935 |

| Diag2 | Description | | Diag3 | Description | Diag4 | Description |
|---|---|---|---|---|---|---|
| M99.82 | Other biomechanical lesions of thoracic region | | | | | |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descriptio |
|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 738.3 | Deformity, Acquired, Chest/Rib | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt C |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | 63709 | 59 | Rpr Dural/Csf Leak/Pseudomeningocele W/L | G96.11 | Dural tear | SURGICAL | 1.00 | $19,500.00 | $0.00 | $19,500 |

| Mapped ICD9-1 | Description | Mapped ICD9-2 | Description | Mapped ICD9-3 | Description | Mapped ICD9-4 | Description |
|---|---|---|---|---|---|---|---|
| 349.39 | Other Dural Tear | | | | | | |

| Dates of Service | Procedure | Mods | Description | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt C |
|---|---|---|---|---|---|---|---|---|---|---|

| | 11/04/2015 | 20936 | | Autograft Spine Surgery Local From Same | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 1.00 | $1,719.00 | $0.00 | $1,719 |

| Diag2 | Description | | | | Diag3 | Description | | Diag4 | Description | |
|---|---|---|---|---|---|---|---|---|---|---|
| M99.82 | Other biomechanical lesions of thoracic region | | | | | | | | | |

| Mapped ICD9-1 | Description | | Mapped ICD9-2 | Description | | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descripti |
|---|---|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 738.3 | | Deformity, Acquired, Chest/Rib | | | | | |

| Dates of Service | Procedure | Mods | Description | | Diag1 | Description | TOS | Units | Fee Amt | Pmts/Adjs | Amt D |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | 20930 | | Allograft For Spine Surgery Only Morsell | | M48.06 | Spinal stenosis, lumbar region | SURGICAL | 1.00 | $1,000.00 | $0.00 | $1,000 |

| Diag2 | Description | | | | Diag3 | Description | | Diag4 | Description | |
|---|---|---|---|---|---|---|---|---|---|---|
| M99.82 | Other biomechanical lesions of thoracic region | | | | | | | | | |

| Mapped ICD9-1 | Description | | Mapped ICD9-2 | Description | | Mapped ICD9-3 | Description | Mapped ICD9-4 | Descripti |
|---|---|---|---|---|---|---|---|---|---|
| 724.02 | Stenosis, Spinal, Lmbr, No Neuro Cl | 738.3 | | Deformity, Acquired, Chest/Rib | | | | | |

| Payment Date | Reference | Coverage Type | Insurance | Transaction | Pmt Amt | Transfer To | Trsf Amt | Batch# | Status | Date Updated | Void Batch# | Date Voided | Voi By |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/31/2016 | CIGNA LTR | Medical | CIGNA | Cigna Payment | $0.00 | | | 01-31-2016 adj 10 | Updated | 02/12/2016 | | | |
| 03/14/2016 | EFT 160310090034217 | Medical | CIGNA | Cigna Payment | $28,074.00 | | | 03-14-16 CIGNA | Updated | 03/25/2016 | | | |
| 03/30/2016 | CIGNA LTR | Medical | CIGNA | Cigna Payment | $0.00 | | | 03-30-2016 $0 EOB | Updated | 04/07/2016 | | | |
| 03/21/2016 | INTEREST PAID | Medical | CIGNA | Cigna Payment | $203.82 | | | 03-21-2016 CIGNA | Updated | 04/01/2016 | | | |
| 03/21/2016 | INTEREST PAID | Medical | CIGNA | Cigna Adjustment | ($203.82) | | | 03-21-2016 CIGNA | Updated | 04/01/2016 | | | |
| 10/21/2016 | TDI FILED ON 04-28-2016 | Medical | CIGNA | Cigna Payment | $0.00 | | | 10-21-2016 adjust | Updated | 10/28/2016 | | | |
| 10/21/2016 | TDI FILED ON 04-28-2016 | Medical | CIGNA | Cigna Transfer | | TDI | $140,888.00 | 10-21-2016 adjust | Updated | 10/28/2016 | | | |
| 10/21/2016 | TDI FILED ON 04-28-2016 | Medical | TDI | Rebilled Claim | | | | 10-21-2016 adjust | Updated | 10/28/2016 | | | |